IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO GRAZING ASSOCIATION, INC., et al. | ) | |
| Plaintiffs | ) | No. 04-786 L |
| v. | ) | Judge Susan G. Braden |
| UNITED STATES OF AMERICA | ) | |
| Defendant. | ) | |

# JOINT STATUS REPORT

The parties, Plaintiffs, Sacramento Grazing Association, Inc., James Goss, Frances Goss, Justin Goss, and Brenna Goss, and Defendant, United States of America, hereby submit the following Joint Status Report.

On March 22, 2006, the parties requested a stay in this case pending a decision by the New Mexico Supreme Court in *Walker v. United States*, No. 29,544 ("*Walker*"), stating that the certified questions from the United States Court of Federal Claims, No. 04-155L, addressed in *Walker*, were "directly relevant to the issues remaining in this case." *See* Joint Motion for a Stay (doc # 22). On March 27, 2006, this Court issued an Order granting the stay, and requiring the parties to "file a Joint Status Report, proposing further proceedings in this case, within thirty days of the New Mexico Supreme Court issuing a decision in Walker." *See* Order Granting Motion to Stay (doc # 23). On June 21, 2007, the New Mexico Supreme Court issued a decision in the *Walker* case, and the date for the date for the parties' filing was subsequently set by this Court as July 27, 2007.

The New Mexico Supreme Court's decision in the *Walker* case answered the two certified questions in the negative: (1) Does the law of the State of New Mexico recognize a limited forage right implicit in a vested water right?; (2) Does the law of the State of New Mexico recognize a limited forage right implicit in a right-of-way for the maintenance and enjoyment of a vested water right? Accordingly, the parties agree that pursuant to the *Walker* decision, Plaintiffs lack a forage right implicit in any vested water rights Plaintiffs hold under New Mexico law or implicit in any rights-of-way for the maintenance and enjoyment of any vested water rights Plaintiffs hold under New Mexico law.

<u>Plaintiffs' Position:</u>

Plaintiffs, however, believe that triable issues of fact remain with respect to the taking of their other property rights. Plaintiffs further submit that they have not had the opportunity to complete discovery with respect to the remainder of their taking claims. Accordingly, Plaintiffs respectfully request that the Court enter a scheduling order requiring the parties to complete all discovery on liability by December 31, 2007, and setting a status conference as soon thereafter as may be convenient for the Court to determine whether to set the case for trial or to establish a schedule for dispositive motions, in accordance with Appendix A Section VI: Post-Discovery Proceedings.

Plaintiffs do not believe that this case can be resolved on summary judgment at this time because (1) there are numerous and complex factual issues which the parties are unlikely to agree upon; and (2) without depositions and other discovery from Defendant, Plaintiffs are unable to adequately defend such a motion for summary judgment. Plaintiffs disagree with Defendant's characterization of their takings claim as being limited to the Forest Service's administrative

decisions to reduce the number of cattle they are allowed to graze on their allotment; in fact, the Forest Service has physically blocked Plaintiffs from access to their water sources (to which they hold a water/property right), and has taken numerous other actions, both physical and administrative, which have deprived Plaintiffs of their water rights without just compensation. Moreover, through these and other actions, both physical and legal, the Forest Service has so severely interfered with Plaintiffs' ranching operations as to amount to a taking of their cattle and their ranching business under the Just Compensation Clause of the Fifth Amendment.

Defendant's Position:

Defendant believes that Plaintiffs' two remaining takings claims in this case -- namely, Plaintiffs' claim that the United States has taken Plaintiffs' alleged water rights located on federal land, and Plaintiffs' claim that the United States has taken their fee property, otherwise known as the Goss Ranch – should be decided by motion, prior to the parties engaging in unnecessary and time-consuming depositions (the parties have already completed written discovery). Briefly, Plaintiffs primarily allege that when the Forest Service reduced the number of cattle Plaintiffs were permitted to graze on the Sacramento Allotment, the Forest Service deprived Plaintiffs of their right to make beneficial use of 143 sources of water on federal land. See e.g., Pls.' Amended Complaint, Appendix A, §§ 25, 32. Stated another way, Plaintiffs contend that the Forest Service's land management decisions on federal land effected a taking of Plaintiffs' alleged water rights. However, since Plaintiffs do not have a legally compensable property right to graze their cattle to a water source located on federal land, and the United States has the right under the Property Clause to regulate the public lands without limitation, Plaintiffs' allegations that the Forest Service's land management decisions effected a taking of their alleged

water rights is a legal issue that is amenable to resolution by motion.

In addition, Plaintiffs' claim that the United States has taken Plaintiffs' Ranch is also amenable to resolution by motion. For example, Plaintiffs base their contention that the United States has taken Plaintiffs' Ranch on their allegations that the United States has taken their property rights in water, forage and grazing land. See Pls.' Amended Complaint § 33. However, since Plaintiffs do not have a legally compensable property right in forage or federal grazing land, and the United States has not taken Plaintiffs' alleged water rights, Plaintiffs' claim regarding a taking of its Ranch is amenable to decision by motion.

Accordingly, Defendant believes that no additional discovery is needed to resolve the above legal issues and therefore proposes the following motion schedule:

1. Dispositive motions to be filed on or before September 28, 2007;
2. Responses to dispositive motions to be filed on or before November 9, 2007;
3. Replies to dispositive motions will be filed on or before December 7, 2007;
4. If the motions are denied in whole or in part, Defendant proposes that the parties file another Joint Status Report within 30 days of the Court's decision, setting forth proposed dates for depositions, expert discovery, and other proposed proceedings.

If the Court agrees with Plaintiffs that motions are not appropriate at this time, and "liability" discovery should be completed by December 31, 2007, Defendant requests that the Court clarify that only fact discovery must be completed by December 31, 2007. To date, the parties have not identified any expert witnesses (either related to liability or just compensation), and Defendant believes that any discovery regarding expert witnesses or just compensation should be postponed until after Defendant has been given an opportunity to file a dispositive motion. Accordingly, Plaintiffs' suggestion that the Court should set a Post-Discovery Status Conference after December 31, 2007 in accordance with Appendix A Section VI, is premature

since all discovery will not be completed by December 31, 2007.

Further, due to counsel for Defendant's upcoming maternity leave, the case will be temporarily reassigned to Kristine Tardiff. Ms. Tardiff will enter an appearance shortly.

Counsel for Defendant has conferred with counsel for Plaintiff, who has authorized counsel for Defendant to sign and file this motion on behalf of both parties.

Dated: July 26, 2007

Respectfully Submitted,

by Katie Doster

Nancie Marzulla

NANCIE G. MARZULLA
Marzulla & Marzulla
1350 Connecticut Ave., NW
Suite 410
Washington, DC 20036
(202) 822-6760 (phone)
(202) 822-6774 (fax)
nancie@marzulla.com

Attorney of Record for Plaintiff

Kathleen Doster

KATHLEEN L. DOSTER
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0481 (phone)
(202) 305-0506 (fax)
kathleen.doster@usdoj.gov

Attorney of Record for Defendant