IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SACRAMENTO GRAZING ASSOCIATION, INC., et al., Plaintiffs, | ) | No. 04-786 L |
| v. | ) | Judge Susan G. Braden |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56(h)(1) of the Rules of the Court of Federal Claims, defendant United States of America submits the following proposed findings of uncontroverted fact in support of its separately filed Motion For Summary Judgment.

**A. PLAINTIFFS' TERM GRAZING PERMIT**

1. On November 27, 1989, the Forest Service issued a term grazing permit to the Sacramento Grazing Association ("SGA") that allowed them to graze up to 553 livestock for a period of ten years, subject to the terms and conditions of the permit and all applicable laws and regulations. <u>See</u> Def. Ex. A; Def. Ex. B.

2. Plaintiffs' term grazing permit was renewed on November 23, 1999, and authorized Plaintiffs to graze up to 553 cattle for a period of ten years, subject to the terms and conditions of the permit and all applicable laws and regulations. <u>See</u> Def. Ex. A; Def. Ex. C.

3. On July 28, 2004, the Forest Service issued a Record of Decision for the Final Environmental Impact Statement for the Sacramento, Dry Canyon and Davis Grazing

Allotments. See Def. Ex. A.

4. In 2005, Plaintiffs were offered a new term grazing permit in order to make it consistent with the Record of Decision. See Def. Ex. A.

5. On or about January 9, 2006, Plaintiffs declined a new ten-year term grazing permit, and the Forest Service subsequently modified Plaintiffs' existing permit so that, among other things, Plaintiffs could graze up to 412 cattle on the summer range and 334 cattle on the winter range. Def. Ex. A; Def. Ex. D.

6. Adjustments to the number of cattle and period of use of the grazing allotment are decided on an annual basis by the District Ranger after full discussions with the permittee and are described in detail in the Annual Operating Plan, now known as the Annual Operating Instructions ("AOI"). See Def. Ex. A; Def. Ex. E

7. For the 2008 grazing season, the AOI authorizes Plaintiffs to graze up to 370 cattle year-round on the Allotment. See Def. Ex. A; Def. Ex. E.

8. Plaintiffs' permit has never been cancelled. See Def. Ex. A.

**B. EXCLOSURES**

9. Plaintiffs' permit contains a provision for the protection of wetlands and endangered or threatened species located on the Allotment. The permit states: "Exclosures designated on the attached Sacramento Allotment Range Improvement /Allotment Map are considered special emphasis areas and not part of the Sacramento Allotment. Livestock use is not permitted within exclosures and will be removed in a timely manner." Def. Ex. C; see Def. Ex. A.

10. Although Plaintiffs are prohibited from grazing cattle within the exclosures, Plaintiffs may access water located within these exclosures through means other than grazing. For

example, water may flow out of the exclosures naturally, or in the case of Sacramento Lake, may be accessed through a tap (faucet head) on a pipeline. See Def. Ex. A.

11. There are seven main exclosures (fences) located within the Sacramento Allotment. These include: Sacramento Lake, Hubbell, Upper Mauldin, Lower Mauldin, Upper Peñasco , Bluff Springs, and Western Riparian (otherwise known as Kingsbury Springs). See Def. Ex. A.

12. Beginning in or around 2001, Plaintiffs requested permission from the Forest Service to pipe water out of the Peñasco exclosure (a designated wetlands area), across a scenic byway, into a neighboring pasture on the Allotment. See Def. Ex. A.

13. The District Ranger, Frank Martinez, denied Plaintiffs' request because congregating cattle in the meadow bottom adjacent to a scenic byway would not be consistent with best management practices. See Def. Ex. A.

14. The Forest Service discussed other options with Plaintiffs such as extending a pipeline away from the scenic byway, piping water to another pasture owned by a private landowner, and installing a trick tank in Atkinson Pasture. Plaintiffs did not pursue any of these options. See Def. Ex. A.

15. With the exception of the Peñasco exclosure, Plaintiffs have not sought permission from the Forest Service to move water from within an exclosure to another area on or off the Allotment. See Def. Ex. A.

April 29, 2008

Respectfully Submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

/s Kathleen Doster
KATHLEEN DOSTER
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Telephone No.: (202) 305-0481
Facsimile No.: (202) 305-0506
E-mail: kathleen.doster@usdoj.gov

KRISTINE S. TARDIFF
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Telephone No.: (603) 230-2583
Facsimile No.: (603) 225-1577

OF COUNSEL:

MARY ANN JOCA
Assistant Regional Attorney
Office of the General Counsel
United States Dept. of Agriculture
P.O. Box 586
Albuquerque, N.M. 87103-0586