EXHIBIT 31

File Code: 2210
Date: JUN 10 2005

Jimmy Goss
Sacramento Grazing Association
P.O. Box 596
Weed, NM 88317

Dear Mr. Goss,

Thank you for your undated letter that District Ranger Frank Martinez received on May 20, 2005, regarding your decision whether or not to sign a new grazing permit for the Sacramento Allotment. In your letter you asked Ranger Martinez to provide rationale and justification why a new grazing permit should be issued. I requested Ranger Martinez forward your letter to me for a response.

The Forest Service operates under a two tiered decision making process. The first tier consists of Forest Plans that have been developed in accordance with the National Forest Management Act (NFMA). These plans identify suitable multiple uses by management area and establish goals, objectives, and standards and guidelines to be followed as various activities occur on the ground. As new projects are planned, they must be consistent with the Forest Plans. Ongoing activities are to be brought into conformance with Forest Plans as soon as practicable.

Permitted livestock grazing is an ongoing activity that must be brought into conformance with Forest Plans. A project level analysis evaluating the site specific impacts of the grazing activity, in conformance with the National Environmental Policy Act (NEPA), is required in order to authorize livestock grazing on a specific allotment(s). This is in accordance with standard operating procedures set out by the agency so that activities are planned and carried out in compliance with relevant federal statues.

The second tier of the Forest Service planning process, therefore, is site-specific NEPA analysis conducted on ongoing activities such as livestock grazing and new proposals for projects on National Forest System lands. As the Forest Service completes NEPA on individual grazing allotments or other project proposals, these activities must also adhere to the requirements of Section 7 of the Endangered Species Act. If the Forest Service determines that an activity may affect a federally listed species, then the action agency (Forest Service) must request consultation with the U.S. Fish and Wildlife Service or the National Marine Fisheries Service as appropriate.

In 1995 it became apparent to the Forest Service that NEPA could not be completed on all grazing allotments in the 16 contiguous western States in a timely manner. With the increased vulnerability to lawsuits challenging the need to complete NEPA, Congress passed the Rescissions Act (PL 104-19, section 504) that required each National Forest to establish and adhere to a schedule for the completion of NEPA analysis and decisions on all allotments within

the National Forest System for which NEPA analysis is needed. Section 504 of the Rescissions Act authorized the Forest Service to reissue expiring permits on the same terms and conditions and for the full term of the expired permit until NEPA is completed in accordance with the schedule. However, as also reiterated in Section 504 of the Rescissions Act, the Forest Service is authorized through this process to reissue or modify grazing permits to make them consistent with the NEPA decision.

Ranger Martinez' rationale for selecting Alternative B as the most appropriate management of the Sacramento Allotment is clearly documented in the Record of Decision he signed on July 28, 2004, through the NEPA process. You appealed the District Ranger's decision to both the Forest Supervisor and the Regional Forester under 36 CFR 251 Subpart C. Both levels of appeal included a detailed review of the project record and concluded Ranger Martinez' decision was based on a reasonable assessment of the resource conditions on the Sacramento Allotment.

The Secretary of Agriculture's Regulations, 36 CFR 222.1, authorize and direct the Chief of the Forest Service to develop, administer, and protect the range resources and permit and regulate the grazing use of all kinds and classes of livestock on all National Forest System lands and on other lands under Forest Service control. The Secretary allows the Chief to re-delegate this authority.

In addition to the Rescissions Act, the Federal Land Policy and Management Act (FLPMA) provides the Forest Service, as an Agency within the Department of Agriculture, with the authority to modify existing permits or issue a new permit following completion of NEPA along with development of new allotment management plans. In cases where the Secretary concerned (Interior or Agriculture) has not completed an allotment management plan, FLPMA authorizes the Secretary concerned to incorporate such terms and conditions in permits or leases as deemed appropriate including the numbers of animals to be grazed and the season of use. Furthermore, the Secretary concerned may reexamine the condition of the range at any time and require appropriate adjustments in management of rangelands as the Secretary deems appropriate.

Finally, your term grazing permit Part 2(6) provides that in order to update terms and conditions, permits may be cancelled at any time provided a new permit is issued to the existing permit holder for a new term of 10 years following this update.

In addition to the above-mentioned laws, regulations, and agency policy and operating procedures, there is an existing Court ruling requiring the Forest Service to modify the 1999 term grazing permit for the Sacramento Allotment (the current permit which was reissued in 1999 under the authority of the Rescissions Act) in order to make the permit consistent with the Lincoln Forest Plan. On April 14, 2003, United States District Judge Parker issued a ruling in the matter of Forest Guardians v. United States Forest Service, et al. (CIV 00-490 JP/RLP) Consolidated. With respect to Forest Guardians claims, the Court found and ordered the following:

1) The Forest Service violated the consultation requirement under Section 7 of the Endangered Species Act by failing to consult fully regarding the effects on the Mexican spotted owl from the issuance of the 1999 grazing permit for the Sacramento

Allotment. The Forest Service and Fish and Wildlife Service must engage in Section 7 consultation on the issuance of the 1999 grazing permit for the Sacramento Allotment.

2) The Forest Service violated the National Forest Management Act by failing to ensure that livestock grazing under the1999 grazing permit for the Sacramento Allotment is consistent with the Lincoln Forest Plan. The Forest Service must modify the 1999 term grazing permit for the Sacramento Allotment in order to make the permit consistent with the Lincoln Forest Plan.

3) Forest Guardians' request that all grazing on the Sacramento Allotment be enjoined pending compliance with the Endangered Species Act and National Forest Management Act was denied.

In the consolidated case, Sacramento Grazing Association v. U.S. Department of Agriculture (CIV 00-1240 JP/RLP), the Sacramento Grazing Association's Motion for Summary Judgment was denied. Specifically, the Court affirmed Forest Service decisions to reduce the Sacramento Grazing Association's permitted numbers. In addition, the Court denied the Association's request for the reduction in elk on the Sacramento Allotment. The Court entered final judgment in favor of the Federal Defendants and State Defendants and dismissed the action with prejudice.

As you were advised on February 2, 2005, the second level appeal decision by my office constituted the final administrative determination of the Department of Agriculture [36 CFR 251.87(e)(3)]. Therefore, the next step is to either re-issue a new term grazing permit or modify the existing permit, including an updated allotment management plan, to be in compliance with the Lincoln National Forest Plan and, in the case of the Sacramento Allotment, United States District Judge Parker's ruling dated April 14, 2003.

Ranger Martinez is looking forward to working with you in this regard. I urge you to meet with Ranger Martinez soon to work through the details.

Sincerely,

Sel M. Camarena
HARV FORSGREN
Regional Forester

cc: David M Stewart, Frank R Martinez, Jose M Martinez, Lucia Turner, Larry Cosper